**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COSCIA MOOS ARCHITECTURE, LLC, <br> 123 South Broad Street <br> Suite 220, South Lobby <br> Philadelphia, PA 19109 <br><br> and <br><br> COSCIA MOOS ARCHITECTURE NEW <br> JERSEY, LLC, <br> 123 South Broad Street <br> Suite 220, South Lobby <br> Philadelphia, PA 19109 <br><br> Plaintiffs, <br><br><br> vs. <br><br> WATCHTOWER OZ FUND LLC <br> 128 Bridge Street, #382 <br> Rancocas, NJ 08073 <br><br> Defendant. | CIVIL ACTION <br><br> NO._____ |

## CIVIL ACTION COMPLAINT

Plaintiffs, Coscia Moos Architecture, LLC, and Coscia Moos Architecture New Jersey, LLC (collectively, "Plaintiffs") bring this civil action against Watchtower Oz Fund LLC ("Defendant") and in support thereof avers as follows:

1. This is a collection action arising from Defendant's failure to pay Plaintiffs' invoices for architectural and sub-contracted engineering design services related to Defendant's real estate development project.

### PARTIES

2. Plaintiff Coscia Moos Architecture, LLC is a Pennsylvania limited liability company with a primary business address as stated in the caption.

3. Plaintiff Coscia Moos Architecture, LLC provides architectural design and planning.

4. The members of Coscia Moos Architecture LLC are David Moos, Sergio Coscia, and Brandon Sargent.

5. David Moos, Sergio Coscia, and Brandon Sargent each reside in Philadelphia, Pennsylvania.

6. Plaintiff Coscia Moos Architecture New Jersey, LLC is a New Jersey limited liability company with a principal business address as stated in the caption.

7. Plaintiff Coscia Moos Architecture New Jersey, LLC provides architectural design and planning.

8. The members of Coscia Moos Architecture New Jersey, LLC are David Moos, Sergio Coscia, and Brandon Sargent.

9. David Moos, Sergio Coscia, and Brandon Sargent each reside in Philadelphia, Pennsylvania.

10. Defendant owns a property located at 101 North Pavilion Avenue, Riverside, New Jersey 08075 (the "Property") and retained Plaintiff Coscia Moos Architecture, LLC in 2023 to provide architectural design and planning services for the adaptive reuse, renovation, and building addition to take place at the Property (the "Project").

11. Defendant has a primary business address as stated in the caption.

12. Upon information and belief, Sheharyar Shaikh is the sole member of Defendant and Mr. Shaikh resides in Cherry Hill, New Jersey.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Plaintiff Coscia Moos Architecture, LLC is a citizen of the state in which its Members – David Moos, Sergio Coscia, and Brandon Sargent – are domiciled.

15. David Moos, Sergio Coscia, and Brandon Sargent are each domiciled in Pennsylvania.

16. Plaintiff Coscia Moos Architecture New Jersey, LLC is a citizen of the state in which its Members – David Moos, Sergio Coscia, and Brandon Sargent – are domiciled.

17. David Moos, Sergio Coscia, and Brandon Sargent are each domiciled in Pennsylvania.

18. Defendant Watchtower Oz Fund LLC is a citizen of the state in which its Member(s) is/are domiciled.

19. Upon information and belief, Sheharyar Shaikh is the sole member of Defendant and Mr. Shaikh is domiciled in New Jersey.

20. Venue is appropriate in this Court as Plaintiffs have their primary places of business in Philadelphia County, and transactions and occurrences giving rise to this lawsuit took place in Philadelphia County.

## FACTUAL AVERMENTS

21. On or about November 14, 2023, Plaintiff Coscia Moos Architecture, LLC entered into an agreement with Defendant to perform certain architectural and engineering services related to the Project (the "Agreement").

22. A true and correct copy of the Agreement is attached hereto as Exhibit A.

23. Pursuant to the Agreement, Plaintiff Coscia Moos Architecture, LLC, through Plaintiff Coscia Moos Architecture New Jersey, LLC, performed various schematic design services for Defendant, including the design of approximately 138 new apartment units and associated amenity spaces within an existing, historic 7-story masonry structure. The project included the design of a new, ground-up clubhouse for tenant use adjacent to the existing structure.

24. The Agreement provides that Defendant shall compensate Plaintiffs in the amount of $1,602,280.00 for the services provided by Plaintiffs pursuant to Article 3 of the Agreement ("Scope of Architect's Basic Services"). Agreement at § 11.3.

25. The Agreement further provides that "payments for services shall be made in proportion to services performed. Payments are due and payable upon presentation of the Architect's invoice. Amounts unpaid forty-five (45) day after the invoice shall bear interest at the rate entered below … [of] eight percent annually." Agreement at § 11.10.2.1.

26. Plaintiffs performed all such services in accordance with the Agreement.

27. Plaintiffs submitted eight invoices to Defendant that reflect work performed on the Project pursuant to the Agreement that were not paid (the "Unpaid Invoices").

28. Invoice NJ0210, attached as Exhibit B, totaling $214,332.07, was paid in part, with a payment of $77,181.26 applied against it leaving a balance of $137,140.81.

29. The remaining seven Unpaid Invoices, attached as Exhibits C through I, were not paid at all.

30. A summary of the Unpaid Invoices and the amounts owed to Plaintiffs as of March 18, 2026, including interest at the rate of eight percent annually per the terms of the Agreement, is set forth below:

| Invoice Number | Exhibit | Invoice Date | Amount | Interest Owed as of 3/18/26 | Total Owed |
|---|---|---|---|---|---|
| NJ0210 | B | 12/31/23 | $137,140.81 | $22,934.45 | $160,075.26 |
| NJ0219 | C | 1/14/24 | $4,207.50 | $690.72 | $4,898.22 |
| NJ0220 | D | 1/31/24 | $21,099.90 | $3,385.23 | $24,485.13 |
| NJ0228 | E | 2/29/24 | $2,432.53 | $374.81 | $2,807.34 |
| NJ0229 | F | 2/29/24 | $1,747.95 | $269.33 | $2,017.28 |

| NJ0233 | G | 4/30/24 | $551.25 | $77.57 | $628.82 |
|--------|---|---------|---------|--------|---------|
| NJ0236 | H | 5/31/24 | $170.00 | $22.77 | $192.77 |
| NJ0242 | I | 9/1/24 | $112.50 | $12.77 | $125.27 |
| **TOTAL** | | | **$167,462.44** | **$27,767.65** | **$195,230.09** |

31. Defendant has never disputed or contested any of the Unpaid Invoices.

32. Despite demand, Defendant has not made any payment on the Unpaid Invoices since the partial payment on January 2, 2024, which was applied to invoice NJ0210.

33. As of March 18, 2026, Defendant owes Plaintiffs a total of $195,230.09

34. At all times material hereto, Plaintiffs adhered to the terms of the Agreement and conducted itself in a reasonable and good faith manner.

35. The Agreement provides that "[a]ny claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution." Agreement at § 8.2.1.

36. Pursuant to this provision, Plaintiffs have submitted a Request for Mediation with the American Arbitration Association pursuant to the provisions of Section 8.2 ("Mediation") of the Agreement.

37. Defendant has breached its agreement with Plaintiffs by not paying the Unpaid Invoices when due.

## COUNT I
## BREACH OF CONTRACT

38. Plaintiffs hereby incorporate by reference the previous paragraphs of this Complaint as though set forth at length herein.

39. Plaintiff Coscia Moos Architecture, LLC and Defendant entered into a binding agreement wherein Plaintiffs provided services for Defendant.

40. Plaintiffs adhered to the terms of the agreement to provide services for Defendant through Plaintiff Coscia Moos Architecture New Jersey, LLC.

41. Defendant breached its agreement with Plaintiffs by failing to pay invoices for said services when due.

42. As a result of the Defendant's breach, Plaintiffs have suffered significant financial injury.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in an amount greater than seventy-five thousand dollars ($75,000.00) in its favor and against Defendant, together with attorney's fees, collection costs and any other relief the Court deems just.

## COUNT II
## UNJUST ENRICHMENT/QUANTUM MERUIT

43. Plaintiffs hereby incorporate by reference the previous paragraphs of this Complaint as though set forth at length herein.

44. Defendant requested that Plaintiffs provide architectural services.

45. Plaintiffs provided Defendant with the benefit of its services.

46. Defendant accepted the benefit of the services provided by Plaintiffs.

47. Plaintiffs requested that Defendant pay for the value of the benefit Plaintiffs provided to Defendant.

48. Defendant refuses to pay for the benefit received from Plaintiffs.

49. This refusal constitutes unjust enrichment.

6

50. To allow Defendant to retain the value of the services provided by Plaintiffs without payment of the same would be unfair and would unjustly enrich Defendant to the detriment of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in an amount greater than seventy-five thousand dollars ($75,000.00) in its favor and against Defendant and any other relief the Court deems just.

Respectfully submitted,

**ROBSON & ROBSON, P.C.**

Dated: March 18, 2026            By:      */s/ Edward S. Robson*
                                          Edward S. Robson, Esquire